United States District Court
Southern District of Texas
**ENTERED**
June 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BESSIE COX, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00061 |
| | § | |
| STEAK N SHAKE, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Defendant's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") is currently before me. *See* Dkt. 8. After reviewing the Motion to Dismiss, response, reply, and applicable law, I conclude that the motion is meritorious and should be **GRANTED**.

## BACKGROUND

Plaintiff Bessie Cox ("Cox") filed this lawsuit on February 27, 2020. Cox alleges that she was injured on December 16, 2017 when she slipped and fell at a property owned, maintained, and/or occupied by Steak N Shake, Inc. ("Steak N Shake").

This case is not the first time Cox has sued Steak N Shake as a result of the December 16, 2017 incident. On November 12, 2019, Cox filed a negligence and premises liability lawsuit against Steak N Shake here in the Galveston Division of the Southern District of Texas under Civil Action No. 3:19-cv-00374 (the "2019 Lawsuit"). At the time the 2019 Lawsuit was filed, a federal forum was proper since diversity jurisdiction existed between Cox (a Texas resident) and Steak N Shake (an Indiana company). On February 4, 2020, Cox filed a First Amended Complaint in the 2019 Lawsuit, adding N7 Holdings,

LLC ("N7 Holdings") as a defendant. Because N7 Holdings is considered a Texas citizen for diversity purposes, its addition as a defendant to the 2019 Lawsuit destroyed diversity jurisdiction. On February 25, 2020, United States District Court Judge Jeffrey V. Brown *sua sponte* dismissed the 2019 Lawsuit without prejudice, concluding that he did not possess subject matter jurisdiction due to the lack of complete diversity of citizenship between the parties.

A mere two days after Judge Brown dismissed the 2019 Lawsuit, Cox filed the present action. This time, however, she did not add N7 Holdings to the lawsuit. The sole defendant in this case is Steak N Shake. Cox asserts negligence and premises liability claims against Steak N Shake arising out of the December 16, 2017 incident. Steak N Shake has filed a Motion to Dismiss, arguing that the two-year statute of limitations for bodily injury claims precludes the negligence and premises liability claims.

In her recently-filed First Amended Complaint, Cox introduces, for the first time, a fraudulent/negligent misrepresentation cause of action. She alleges that Steak N Shake "hoodwinked" Cox's counsel into adding N7 Holdings to the case, thereby destroying diversity jurisdiction and leaving Cox without a remedy against Steak N Shake (assuming I agree that the statute of limitations bars the negligence and premises liability claims brought in this lawsuit). Because the First Amended Complaint was filed after the Motion to Dismiss was filed, there is no outstanding request to dismiss the fraudulent/negligent misrepresentation claim. Therefore, no matter how I rule on the pending Motion to

Dismiss, the fraudulent/negligent misrepresentation claim will remain part of the case, at least for the time being.[1]

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that Cox can provide no set of facts that would support her claim and entitle her to relief. In considering a Rule 12(b)(6) motion, I must accept as true all well-pleaded allegations and view the First Amended Complaint in the light most favorable to Cox. *See O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). The statute of limitations may support dismissal pursuant to Rule 12(b)(6) if it is evident from Cox's First Amended Complaint that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *See Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

In Texas, a personal injury claim is subject to a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003 ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). A cause of action accrues and the applicable limitations period begins "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

There is no question here that the limitations period began to run on December 16, 2017, the date Cox alleges she was injured when she slipped and fell at Steak N Shake.

---

[1] Steak N Shake is, of course, free to file a dispositive motion on the remaining fraudulent/negligent misrepresentation claim at anytime.

3

Because Cox filed this lawsuit on February 27, 2020, more than three months after the applicable two-year statute of limitations had run, Steak N Shake maintains that limitations bar this case. "The purpose of a statute of limitations is to provide a cut-off point for certain legal rights and to avoid stale claims." *Dynamic Prod., Inc. v. CIMA Energy Ltd.*, 4:17-CV-01032, 2018 WL 1801193, at *12 (S.D. Tex. Feb. 21, 2018). Although it might seem harsh, it is well established that statutes of limitations are strictly applied, with courts routinely dismissing lawsuits filed even a day late. *See Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 435 (S.D. Tex. 2016).

In opposing dismissal, Cox argues that the relation-back doctrine found in Rule 15(c)[2] of the Federal Rules of Civil Procedure requires me, for limitations purposes, to consider the filing date of the current lawsuit to relate back to the filing date of the 2019 Lawsuit—November 12, 2019. A lawsuit filed on November 12, 2019 would be timely, as it falls within the two-year statute of limitations.

Cox's argument is misplaced. The relation-back doctrine outlined in Rule 15(c) only applies when there is "amendment of a pleading which may 'relate[ ] back to the date of the original pleading.'" FED. R. CIV. P. 15(c). Cox's insurmountable problem is that "in the limitations context, [the Fifth Circuit] does not consider a suit filed after a dismissal without prejudice a continuation of the first suit." *Graham v. Johnson*, 168 F.3d 762, 777, n.12 (5th Cir. 1999). Rather, a district court's order dismissing a suit without prejudice

---

[2] Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

4

leaves the plaintiff "in the same position as if the first suit had never been filed." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).  *See also Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.").  "Were this not the rule, statutes of limitations would be easily nullified.  The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to file it." *In re Aguilar*, 470 B.R. 606, 617 (Bankr. D.N.M. 2012) (citation omitted).

The Fifth Circuit's *Lambert* opinion is controlling.  In that case, the plaintiff timely filed an initial lawsuit that was dismissed without prejudice due to improper service. *See Lambert*, 44 F.3d at 298.  The plaintiff then filed a second lawsuit after the applicable limitations period had run, alleging the same facts and theories as the first suit. *See id.* Because "the district court's order dismissing the [first] suit without prejudice left [the plaintiff] in the same position as if the first suit had never been filed," the Fifth Circuit held that the second suit was time-barred. *Id.* That is precisely the scenario that exists here. The present action is a brand-new lawsuit that cannot relate back to the 2019 Lawsuit, which is considered a nullity since it was dismissed without prejudice. *See Westbrook v. Water Valley Indep. Sch. Dist.*, No. 6:04-CV-048-C, 2005 WL 8153589, at *4 (N.D. Tex. July 14, 2005) ("[T]here is nothing to which Plaintiff's subsequent Complaint in this Court . . . can relate back, her prior, dismissed suit having become a nullity.").

Despite the clear application of the statute of limitations, Cox argues that it would be unfair to dismiss this lawsuit since she was allegedly misled by Steak N Shake into adding N7 Holdings to the 2019 Lawsuit and "had no way of knowing and had no idea that N7 Holdings would destroy jurisdiction." Dkt. 23 at 1. Although Cox doesn't identify the applicable legal principle, the doctrine of equitable tolling does preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. *See Lambert*, 44 F.3d at 298. Equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case, [and] does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Instead, a court must "draw on general principles to guide when equitable tolling is appropriate." *Id.* In this case, the equitable tolling doctrine provides Cox no relief. It is undisputed that Steak N Shake's counsel reached out to Cox's attorney on January 29, 2020 and told her N7 Holdings was the proper defendant, expressly stating that N7 Holdings "is non-diverse. As a result, the federal court lacks subject matter jurisdiction; thus the case should have been brought in the first instance in state court." Dkt. 21-1 at 19. Given this, it is hard to fathom how Cox can, with a straight face, suggest that she had no earthly idea that adding N7 Holdings to the 2019 Lawsuit would destroy diversity jurisdiction. Truth be told, Steak N Shake specifically told Cox what would happen if and when she added N7 Holdings as a defendant. Importantly, Cox added N7 Holdings as a defendant several days <u>after</u> Steak N Shake explained the consequences of her doing so. As such, there is nothing inequitable about applying the statute of limitations.

6

To summarize, the two-year statute of limitations for Cox's personal injury action began on December 16, 2017, and expired on December 16, 2019. The filing of Cox's earlier federal action, which was dismissed without prejudice, did not toll the limitations period. Because the negligence and premises liability claims were filed on February 27, 2020, more than two years after the cause of action accrued, they are untimely and must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED**. The negligence and premises liability claims arising out of the December 17, 2017 incident are dismissed with prejudice. The fraudulent/negligent misrepresentation claim remains, for now, part of the case.

SIGNED in Houston, Texas, this 11th day of June, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE