United States District Court
Southern District of Texas
**ENTERED**
September 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BESSIE COX, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00061 |
| | § | |
| STEAK N SHAKE, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Defendant's Motion to Dismiss and Memorandum of Law in Support is pending before me. *See* Dkt. 29. After carefully reviewing the motion, the response, the pleadings on file, and the applicable law, I find that the motion should be **GRANTED** and this case dismissed.

## BACKGROUND

This case has an unusual and tortured history. On December 16, 2017, Plaintiff Bessie Cox ("Cox") slipped and fell at a property owned, maintained, and/or occupied by Steak N Shake, Inc. ("Steak N Shake"). As a result of personal injuries Cox allegedly suffered during that fall, she filed a negligence and premises liability lawsuit against Steak N Shake on November 12, 2019, here in the Galveston Division of the Southern District of Texas under Civil Action No. 3:19-cv-00374 (the "2019 Lawsuit"). At the time the 2019 Lawsuit was filed, a federal forum was proper since diversity jurisdiction existed between Cox (a Texas resident) and Steak N Shake (an Indiana corporation). On February 4, 2020, Cox filed an amended complaint in the 2019 Lawsuit, adding N7

Holdings, LLC ("N7 Holdings") as a defendant. Because N7 Holdings is considered a Texas citizen for diversity purposes, its addition as a defendant to the 2019 Lawsuit destroyed diversity jurisdiction.

On February 25, 2020, United States District Judge Jeffrey V. Brown sua sponte dismissed the 2019 Lawsuit without prejudice, concluding that he did not possess subject matter jurisdiction due to the lack of complete diversity of citizenship. On February 27, 2020, a mere two days after Judge Brown dismissed the 2019 Lawsuit, Cox filed the instant lawsuit. This time around, however, she did not add N7 Holdings to the lawsuit. The sole defendant in the present case is Steak N Shake. There is no dispute that diversity jurisdiction exists. In the Complaint, Cox asserted negligence and premises liability claims against Steak N Shake arising out of the December 16, 2017 incident. Steak N Shake immediately moved to dismiss the lawsuit, arguing that the two-year statute of limitations for bodily injury claims barred the negligence and premises liability claims.

A few days before Cox's response to the motion to dismiss was due, she filed a First Amended Complaint. The First Amended Complaint included the negligence and premises liability claims previously asserted and added causes of action for fraudulent misrepresentation and negligent misrepresentation. The new fraudulent misrepresentation and negligent misrepresentation claims allege that Cox added N7 Holdings to the 2019 Lawsuit based on misrepresentations from Steak N Shake's counsel that N7 Holdings was a proper party. Cox asserts that she "had no way of knowing and

had no idea that N7 Holdings would destroy [diversity] jurisdiction" and leave her without a remedy against Steak N Shake. Dkt. 22 at 3.

On June 11, 2020, I issued an Order and Opinion, holding that the two-year statute of limitations for bodily injury claims barred Cox's negligence and premises liability claims. *See* Dkt. 26. At the time I issued the Order and Opinion, there was no outstanding request to dismiss the fraudulent/negligent misrepresentation claims. As such, the fraudulent/negligent misrepresentation claims are the only remaining causes of action.

Steak N Shake has now moved to dismiss the fraudulent/negligent misrepresentation claims. *See* Dkt. 29. In doing so, Steak N Shake advances three arguments: (1) Cox's fraudulent/negligent misrepresentation claims fail for lack of justifiable reliance; (2) Cox's fraudulent/negligent misrepresentation claims are barred by attorney immunity; and (3) Cox's fraudulent/negligent misrepresentation claims fail to pass muster under Rule 12(b)(6) because the allegations in the First Amended Complaint are not plausible. Because, as explained more fully below, I find Steak N Shake's first argument dispositive, I need not address the remaining arguments.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

To determine if Cox has properly stated a claim for fraudulent misrepresentation and negligent misrepresentation, I must first look at the elements for each cause of action. The elements of a claim for fraudulent inducement are "(1) a material misrepresentation, (2) made with knowledge of its falsity or asserted without knowledge of its truth, (3) made with the intention that it should be acted on by the other party, (4) which the other party relied on and (5) which caused injury." *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). To recover on a negligent misrepresentation claim, Cox has to prove the following elements: (1) Steak N Shake made a representation to Cox in the course of its business or in a transaction in which it had an interest; (2) the representation was false; (3) Steak N Shake did not exercise reasonable care or competence in obtaining or communicating the information represented; (4) Cox justifiably relied on the negligent misrepresentation; and (5) Steak N Shake's negligent misrepresentation proximately caused Cox's injury. *See McCamish, Martin, Brown & Loeffler v. F.E. Applying Interests*, 991 S.W.2d 787, 791 (Tex. 1999). Importantly, "[b]oth fraud and negligent misrepresentation require that the plaintiff show actual and justifiable reliance." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

4

Cox's fraudulent/negligent misrepresentation claims are based on alleged misrepresentations made by Steak N Shake's lawyers to her counsel concerning the proper parties to the 2019 Lawsuit. Steak N Shake argues that Cox's fraudulent/negligent misrepresentation claims fail under Rule 12(b)(6) for lack of justifiable reliance. I agree.

It is a "well-settled rule that a party may not justifiably rely on an opposing attorney's statements made in an adversarial setting, such as litigation." *Valls v. Johanson & Fairless, LLP*, 314 S.W.3d 624, 635 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Indeed, the Texas Supreme Court has expressly held on several occasions that the very nature of the adversary process precludes an opposing party's justifiable reliance on a representation made by an attorney during the course of a lawsuit. *See Chu v. Hong*, 249 S.W.3d 441, 446 n.19 (Tex. 2008) (explaining that fraud claims "against an opposing attorney in litigation" generally are not actionable because "reliance in those circumstances" is not justifiable); *McCamish*, 991 S.W.2d at 794 ("Generally, courts have acknowledged that [an opposing] party's reliance on an attorney's representation is not justified when the representation takes place in an adversarial context.").

Steak N Shake's alleged misrepresentations to Cox's counsel were made in the midst of the 2019 Lawsuit with Steak N Shake and Cox on opposite sides of the V. As a matter of law, Cox's reliance on any such misrepresentations is not justified. *See Chapman Children's Tr. v. Porter & Hedges, LLP*, 32 S.W.3d 429, 443 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding, as a matter of law, that no cognizable negligent misrepresentation claim existed because plaintiff could not justifiably rely on the representation of the lawyer for its litigation adversary "given the adversarial nature

5

of the parties' relationship"). With the justifiable reliance component of the fraudulent/negligent misrepresentation claims missing, the First Amended Complaint does not contain "factual content that allows me to draw the reasonable inference that [Steak N Shake] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The fraudulent misrepresentation and negligent misrepresentation claims are, therefore, dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss and Memorandum of Law in Support (Dkt. 29) is **GRANTED**, and this case is dismissed.

SIGNED in Galveston, Texas, this 2nd day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE